Davis, J.
It will conduce to clear thinking in this case t® note that certain sections of the Revised Statutes cited by the defendant (Secs. 2899 and 2900), as well as all of the other sections included in the same chapter, relate solely to the forfeiture and redemption of lands which have been offered for sale at a delinquent tax sale and were not sold for want of bidders. The procedure for the sale or redemption of forfeited lands is strikingly different from that for delinquent taxes; and the legislation.respecting these two classes of tax sales is so carefully distinguished by the legislature itself, that sections relating to one class cannot be safely relied on in construing the effect of proceedings in the other class.
. ..One of the questions raised in this ease ,is whether the certificate of purchase which the auditor is re *22 quired to issue to a purchaser at a delinquent tax sale, confers upon such purchaser a title to the land or lot sold for taxes. Although it is provided (Revised Statutes, Sec. 2875) that “said certificates of purchase shall be assignable in law, and an assignment thereof shall vest in the assignee or his legal representatives all the right and title of the original purchaser ” not the right and title of the original owner; yet, in view of the requirement that.no deed shall be made until the expiration of two years from the sale, and that nothing shall be done in the meantime to mark off or designate the property sold, together with the reservation of the right of redemption to be exercised within the same period, as well as the declaration of the statute (Sec. 2877) that the deed so made shall vest in the grantee, his heirs and assigns, a good and valid title both in law and equity, thereby plainly implying that title had not vested before, we cannot resist the conclusion that the sale for taxes is a sale of the interest of the owner defeasible by redemption; and that it is no more a title, while it is only evidenced by the certificate of purchase, than is a contract for the sale of real estate, before the execution of a deed thereunder. That it confers a right and may ripen into the privilege of calling in the legal title,, yet does not confer a legal title, can scarcely be doubted. Rice v. White, 8 Ohio, 210. The only thing that is surely conferred upon the purchaser holding the certificate of purchase is the lien of the state for taxes (Sec. 2880) ; for the right to a conveyance may be defeated by redemption within the two years.
The contention in this case arises out of an apparent conflict between Revised Statutes, Secs. 2888 and 1025. It is said that the former section is mandatory upon the auditor; but it is not more so, in our view, than section 1025, which provides as follows: “The auditor shall, on application and presentation of title * ■■ * •; * transfer any land or *23 town lot, or part thereof, charged with taxes on the tax list, from the name in which it stands into the name of the owner, when rendered necessary by any conveyance * * *; and the auditor shall indorse on the deed, or other evidences of title presented to him, that .the proper transfer of the real estate therein described has been made in his office, or that the same is not entered for taxation, and sign his name thereto.”
The imperative nature of this duty of the auditor is manifest when Revised Statutes, Sec. 1025, is read in the light of Revised Statutes, Sec. 1159, which provides that “the recorder shall not record any deed of absolute conveyance of land until the same has been presented to the county auditor, and by him indorsed “Transferred” or “Transfer not necessary.” If when a deed, which is in due form, is presented to the auditor for transfer, he may, merely for the reason that he has theretofore issued a certificate to a purchaser at a delinquent tax sale, refuse to transfer the deed, whether it be the deed of the owner or, as in this case, a sheriff’s deed, the result is that such deed is excluded from the records, and the grantee named in the deed is by that act of the auditor prevented from giving to the world such constructive notice of his title as the record of deeds would, and is designed to, afford.
The auditor is required under a penalty, to enter on the duplicate a transfer of the lands sold for taxes into the name of the purchaser; but this transfer is confined to the duplicate, and neither it nor the certificate finds a place in the records of title. It does not become a linli in the chain of title, and is not intended therefor, but is intended merely to facilitate the collection of taxes and to show the purchaser’s right to a deed if the land should not be redeemed. It may ripen into a title- if the property be not redeemed and the deed made to the purchaser by the auditor; and in that case the deed will find *24 -its way to the records and become a part of the chain of title. The auditor may, therefore, and should, retain upon the duplicate the transfer to the holder of a certificate; but he cannot refuse within the two years from the date of the tax sale, to transfer any conveyance from the owner, or a deed made in pursuance of a judicial sale of his interest in the property, nor to indorse the same, so that the conveyance may be admitted to record. This could not interfere with the rights of the purchaser holding a certificate of purchase at a delinquent tax sale; for if the land should not be redeemed within the two years, the purchaser will receive his deed from the auditor, which is prima facie good as against the world, and it would then be the duty of the auditor to endorse a certificate of transfer upon this deed also, so that it may also go upon the records. In that way the rights of all parties will be preserved, and such we believe to have been the intention of the legislature.

Judgment reversed.